UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Amilcar Mendez Esteban

           v.                                    Civil Case No. 1:26-cv-00223-JL-AJ

David Wesling, et al.

## **ORDER**

Before the court is the habeas petition brought by Amilcar Mendez Esteban challenging his ongoing ICE detention.  In their response to the petition, the respondents "acknowledge that if this Court applies [the] reasoning" set forth in *Destino* in the instant case, the Court "would likely reach the same result and order that Petitioner be afforded a bond hearing before an immigration judge."[1]  The respondents take the affirmative position that "Petitioner's detention is governed by 8 U.S.C. § 1225," and "object to this Court granting relief on the basis of [] *Destino*" because *Destino* was "wrongly decided."[2]

In a footnote, the respondents purport to "reserve[] the right to argue the applicability of 8 U.S.C. 1226(c) as well as dangerousness and flight risk before the IJ at the hearing."[3]  Arguments made but not developed before the court are waived.  *See, e.g. United States v. Zannino*, 895 F.2d 1, 17 (1st Cir. 1990) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived."); *Pickering v. Citizens Bank, N.A.*, 2019 WL 3457602, at *4 (D.N.H. July 31, 2019) (DiClerico, J.) ("[A] court is not obligated to make arguments on behalf of a party, particularly a party represented by counsel, and may disregard arguments that are not developed."); *UMB Bank, N.A. v. MacMillin Co., LLC*, 654 B.R. 824 (D.N.H. 2023) (McCafferty, J.) (finding waived an argument "summarily assert[ed]" in a footnote and "insufficiently developed" before the court (citing *Coons v. Industrial Knife Co.*, 620 F.3d 38, 44 (1st Cir. 2010) (explaining that "judges are not obligated to do a party's work for him" and that district courts are "free to disregard" arguments that are not developed in briefs.))).  The court accordingly finds that the respondents have waived their argument that the petitioner is held under 8 U.S.C. § 1226(c).

Thus, based on the respondents' concession, the court GRANTS the petition[4] for a bond hearing based on the reasoning in *Destino* and orders the respondents to provide the petitioner with a bond hearing under 8 U.S.C. § 1226(a) as soon as practicable.  The petition is DENIED in all other respects.  The parties shall file a status report by **April 13, 2026**.

---

[1] Resp'ts' Resp. (doc. no. 5) at 3 (citing *Destino v. FCI Berlin, Warden,* 2025 WL 4010424 (D.N.H. Dec. 24, 2025) (Elliott, C.J.)).
[2] *Id.* at 2-3.
[3] *Id*. at 5 n.3.
[4] Pet. Writ Habeas Corpus (doc. no. 1).

SO ORDERED.

_____
Joseph N. Laplante
United States District Judge

Dated: April 3, 2026
Cc: Counsel of record